**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD EASTMAN, | No. 07-56099 |
| Petitioner - Appellee, | D.C. No. CV-04-04525-PSG |
| v. | |
| JOHN MARSHALL, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted March 3, 2008
Submission Withdrawn May 16, 2008
Resubmitted April 26, 2010
Pasadena, California

Before: O'SCANNLAIN and GRABER, Circuit Judges, and GIBSON, Senior
Circuit Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Warden John Marshall appeals from the district court's order granting Richard Eastman's petition for a writ of habeas corpus. The facts are known to the parties, and we do not repeat them here except to the extent necessary.

## I

"'[S]ome evidence' of future dangerousness" is a "*sine qua non* for denial of parole in California." *Hayward v. Marshall*, — F.3d —, 2010 WL 1664977, at *10 (9th Cir. Apr. 22, 2010) (en banc) (quoting *In re Lawrence*, 190 P.3d 535, 549 (Cal. 2008); *In re Shaputis*, 190 P.3d 573, 582 (Cal. 2008)). In *Hayward*, we explained that on federal habeas review, we "need only decide whether the California judicial decision approving the governor's decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Id*. at *11 (quoting 28 U.S.C. § 2254(d)(1)-(2) (footnote omitted)).

Here, the governor reversed the parole board's decision to grant parole because he believed that "Eastman continues to pose a significant risk of danger to the public safety" given the gravity of the offense, Eastman's attempts to minimize his involvement in the crime by changing his story repeatedly, his unwillingness to accept responsibility for the crime, his unstable social history, his lack of understanding about the causative factors leading up to the crime, and his history

of substance abuse. Because the record supports the governor's conclusion, the state courts' decisions that Eastman was properly denied parole was not an unreasonable application of the "some evidence" standard, nor was it an unreasonable determination of the facts in light of the evidence. *See id*.

II

Accordingly, we REVERSE the district court's decision and REMAND with instructions that Eastman's petition for writ of habeas corpus be dismissed.[1]

---

[1] Eastman's request for judicial notice is denied as moot.